[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16170
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03033-ELR


TABATHA FULLER,

                                                    Plaintiff - Appellant,

MICHAEL FULLER,

                                                     Plaintiff,

versus

KROGER COMPANY (THE),

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 26, 2017)

Before HULL, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Tabatha Fuller appeals the district court's judgment in favor of The Kroger Company (Kroger) following a jury trial on her state-law tort claim arising from a slip-and-fall incident. On appeal, Fuller contends that the district court erroneously excluded deposition testimony from an expert and two lay witnesses. After review,[1] we affirm.

## I. BACKGROUND

In 2011, while out shopping at a Kroger store, Fuller slipped, fell, and injured her knee. Two years later, she filed a tort action in state court, and Kroger removed the action to federal court. During discovery, Kroger gave Fuller a surveillance videotape of the incident.

On March 30, 2015, Fuller filed an expert report from Dr. Michael Kalson, an orthopedic surgeon, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). In preparing the report, Dr. Kalson reviewed medical records from six providers, which showed that Fuller fell in a Kroger store and "directly struck her right knee." According to Dr. Kalson, the fall caused Fuller to suffer a meniscal tear and other

---

[1] We review both the district court's exclusion of expert testimony and its decision not to admit earlier testimony for abuse of discretion. *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1305 (11th Cir. 2014); *Hearn v. McKay*, 603 F.3d 897, 904 (11th Cir. 2010).

2

injuries.  Dr. Kalson did not review the surveillance video before preparing his expert report.

The parties deposed Dr. Kalson on August 8, 2016, one week before trial. When Fuller asked what Dr. Kalson recalled from the surveillance video, Kroger objected, arguing that Fuller had not disclosed that she had given the video to Dr. Kalson or that Dr. Kalson had reviewed it.  Dr. Kalson subsequently testified that the video showed a woman slipping and falling on her right side, twisting her knee.  Dr. Kalson stated that seeing the videotape of the fall made him "feel more confident that the fall caused the injury" because Fuller's account of falling directly on her knee was not as consistent with a meniscal tear as what the video showed.  The district court subsequently entered an order sustaining Kroger's objection to Dr. Kalson's testimony regarding the video.

The parties also deposed Agnes Mills and Jennifer Townes.  Both witnesses testified that their sons played football with Fuller's son.  Prior to her slip and fall, Fuller walked with Mills and Townes along a trail during football practices.  After her injury, Fuller was unable to walk with Mills and Townes because her knee hurt.  During her deposition, Townes suffered a seizure.

At trial, Fuller stated that, after she subpoenaed Mills, Mills sent her an email indicating she was unable to testify because it would be very difficult to find a replacement to cover for her at work, and she was a single mother who had to be

3

home after work.  Fuller clarified that Mills had not refused to appear.

Nevertheless, Fuller requested that she be allowed to read Mills's deposition

testimony to the jury in light of Mills's circumstances and the fact that her

testimony was "very straightforward."  The district court denied Fuller's request,

concluding that Mills was not unavailable and the circumstances were not so

exceptional as to excuse her from testifying.

Fuller then noted that Townes had epilepsy.  She alleged that she and Kroger

had agreed Townes's deposition testimony could be read at trial, as reflected in a

proposed consolidated pretrial order.  Kroger objected, stating there was no such

agreement.  After reviewing the pretrial order, the district court determined there

was no proof of an agreement between the parties.  The court further noted that an

email chain between the parties contradicted Fuller's contention that there was an

agreement.  Finally, the court concluded Townes's medical condition did not

render her unavailable.  The next day, Fuller filed a supplemental motion for leave

to present Townes's deposition testimony, which was denied.

At trial, Fuller played for the jury a redacted copy of Dr. Kalson's

videotaped deposition.  Townes and Mills did not testify.  The jury entered a

verdict in favor of Kroger.  It found that Kroger did not breach a duty owed to

Fuller.  As such, the jury was not required to make a finding as to whether the fall

4

caused Fuller's injuries.  The district court entered judgment in favor of Kroger.  This appeal followed.

## II. DISCUSSION

We need not determine whether the district court abused its discretion in excluding the deposition testimony Fuller sought to introduce at trial because, assuming arguendo that it did, Fuller was not substantially prejudiced. *See Maiz v. Virani*, 253 F.3d 641, 667 (11th Cir. 2001) ("We will not overturn an evidentiary ruling and order a new trial unless the objecting party has shown a substantial prejudicial effect from the ruling.").  The jury's verdict hinged on its finding that Kroger did not breach a duty to Fuller.  The deposition testimony of Mills and Townes, as well as the excluded portions of Dr. Kalson's testimony, speak to causation, not duty or breach.  The excluded evidence was irrelevant to the jury's finding, and thus would have had no impact on it.  As a result, Fuller did not suffer substantial prejudice.  *Id.*

## III. CONCLUSION

We do not determine whether the district court abused its discretion by excluding deposition testimony from Dr. Kalson, Mills, and Townes, because, even if it did, any error did not cause Fuller substantial prejudice.  Accordingly, the judgment of the district court is

**AFFIRMED.**